UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MONICA GUADALUPE MARADIAGA & JUAN CARLOS MEJIA MARADIAGA,

Plaintiff,

v.

AMERICAN SECURITY INSURANCE COMPANY,

Defendant.
_____/

Case No. _____
(Formerly Hillsborough County Circuit Court Case No. 2023 CA 011779)

## DEFENDANT AMERICAN SECURITY INSURANCE COMPANY'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, AMERICAN SECURITY INSURANCE COMPANY ("American Security"), hereby removes the action pending in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, Case No. 2023-CA-011779 (the "State Court Action"), to the United States District Court for the Middle District of Florida, Tampa Division.  Removal is based on diversity of citizenship pursuant to 28 U.S.C. §§ 1332(a), 1441(a), and § 1446(a)-(c), based on (i) complete diversity of citizenship between Plaintiffs and the Defendant, and (ii) the amount in controversy, exclusive of attorneys' fees, interest, and costs, exceeding the sum of $75,000.00.

1

## I. VENUE

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The State Court Action was filed in Hillsborough County Circuit Court, which is within the Tampa Division of the Middle District of Florida. 28 U.S.C. §§ 89(b). Therefore, venue properly lies in the United States District Court for the Middle District of Florida. 28 U.S.C. § 1441(a).

## II. COMPLIANCE

In compliance with 28 U.S.C. § 1446(a), a current and correct copy of the Hillsborough County Circuit Court's docket for the State Court Action is attached as **EXHIBIT A** and copies of all process, pleadings, orders, and other papers or exhibits of every kind available to be copied from the state court are attached as **COMPOSITE EXHIBIT B**. In addition, contemporaneously with the filing of this notice of removal, American Security is filing and serving a notice of filing notice of removal upon Plaintiff as required by 28 U.S.C. § 1446(d), a copy of which (without its exhibit) is attached as **EXHIBIT C**. The original notice, with exhibits, is being filed with the clerk of the Hillsborough County Circuit Court in accordance

with 28 U.S.C. § 1446(d).  As 28 U.S.C. § 1446(a) further requires, the grounds for removal are set forth below.

### III. PROCEDURAL BACKGROUND

Plaintiffs, Monica Guadalupe Maradiaga and Juan Carlos Mejia Maradiaga ("Plaintiffs"), filed their Complaint against American Security on April 11, 2023. *See* Docket, Ex. A.  The Complaint alleges one count under Florida law for breach of contract. Compl., Ex. B. American Security was served with a copy of the Complaint on June 1, 2023.  *See* Return of Service, Ex. B. On June 21, 2023, American Security timely filed its Answer and Affirmative Defenses to the Complaint. *Id.*

### IV. TIMELINESS OF REMOVAL

American Security was served with a copy of the Complaint on June 1, 2023. *See* Return of Service, Ex. B.  The deadline to remove this action is thirty days from the date of service.  *See* 28 U.S.C. § 1446(b); *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1205 (11th Cir. 2008) ("[W]e interpret § 1446(b) to permit each defendant thirty days [following service of process] in which to seek removal."). Accordingly, American Security deadline for removal is July 3, 2023 (as the 30th day falls on Saturday – July 1), and this notice is timely pursuant to 28 U.S.C. § 1446(b)(3).

## V. SUMMARY OF THE GROUNDS FOR REMOVAL

Removal of the instant action is based on diversity of citizenship pursuant to 28 U.S.C. §§ 1332(a), 1441(b) and 1446 (b)-(c) because there is complete diversity of citizenship between Plaintiff and American Security, and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00. In pertinent part, 28 U.S.C. § 1332(a) provides:

> (a)  The district courts shall have original jurisdiction of all civil actions where the matter in controversy *exceeds the sum or value of $75,000*, exclusive of interest and costs, *and is between*—
>
> …
>
> (2)  *citizens of a State and citizens or subjects of a foreign state*, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

28 U.S.C. § 1332(a)(2) (emphasis added).

### 1. The Amount in Controversy

A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Federal courts in this state and the Eleventh Circuit have held that when a complaint does not claim a specific amount of damages in excess of $75,000, courts may examine "evidence relevant to determine the amount in controversy at the time the case was removed." *Williams*

*v. Best Buy Co., Inc.*, 269 F.3d 1316, 1219-20 (11th Cir. 2001). "The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation." *Pretka v. Kolter City Plaza II*, 608 F.3d 744, 751 (11th Cir. 2010) (citing *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir.2008)). In that regard, a removing defendant is not required to "prove the amount in controversy beyond all doubt or to banish all uncertainty about it.' *Id.* at 754. The defendant needs to simply demonstrate that the amount in controversy "more likely than not exceeds the…jurisdictional requirements." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000).

Here, American Security submits that the amount in controversy is clearly met through Plaintiffs' Property Insurance Intent to Initiate Litigation Notice ("NOI") served upon American Security on March 28, 2023. The NOI includes as exhibits: (1) a detailed estimate from WC Estimates LLC in the amount of $77,045.69; and (2) an emergency mitigation services invoice in from Best One Restoration in the amount of $18,606.00, for a total demand of $100,152.00. Plaintiff's NOI package is attached hereto as **COMPOSITE EXHIBIT D.** Plaintiff's NOI was served in accordance with section 627.70152, *Florida Statutes*, which is a condition precedent prior to filing suit in the State Court Action, wherein Plaintiffs alleged an estimate

of damages, based upon a prepared detailed estimate attached to the NOI. *see also Baltazar v. Balboa Ins. Co.*, No. 8:10-cv-2932-T-33MAP, 2011 WL 2020218, *2 (M.D. Fla. May 24, 2011) (Covington, J.) (amount in controversy met in insurance case where expert estimated costs to repair the property in excess of $75,000). The jurisdictional amount in controversy of $75,000 is therefor met.

To be clear, American Security denies liability and contends that Plaintiffs are not entitled to recover nothing under the claims in the Complaint. Nevertheless, for purposes of removal only, Plaintiffs allegations and the relief sought by Plaintiffs are to be considered in determining the value of the claims as pled and the amount in controversy. "If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction." *Cappuccitti v. DirecTV, Inc.*, 623 F.3d 1118, 1122 n.8 (11th Cir. 2010) (per curiam) (quoting *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007)). As Plaintiffs' alleged damages far exceed $75,000, exclusive of fees and costs, the amount in controversy is met.[1]

### 2. **Complete Diversity of Citizenship**

Conveniently, Plaintiffs' Complaint is devoid of any allegations about the domicile of either the Plaintiffs or Defendant as would establish the existence of

---

[1] Additionally, Plaintiff's Civil Cover Sheet in the State Court Action similarly expresses that the damages exceed $75,000.

diversity jurisdiction. Regardless, when a case is removed from state court, it is the removing party—here, American Security—that bears the burden of establishing federal subject matter jurisdiction by a preponderance of the evidence. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

For purposes of diversity jurisdiction, an individual's citizenship is determined by that person's domicile. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). In the Eleventh Circuit, "[a] person's domicile is the place of his true, fixed, and permanent home[.]" *Id.* at 1257-58; *see also Granite Equip. Leasing Corp. v. Smith's Pride Foods, Inc.*, 431 F. Supp. 490, 493 (N.D. Ala. 1977) ("No one can have more than a single homestead exemption, then, because no one can have more than a single domicile at the time any given debt arises.").

Here, Plaintiffs are citizens of Florida. Public records show that Plaintiffs makes their domicile in Hillsborough County, Florida.[2] According to the Hillsborough County Property Appraiser, in 2014 Plaintiffs took title to real property at issue in Plaintiffs' Complaint, in Tampa, Florida, Hillsborough County,

---

[2] Available public records can be considered when determining a party's citizenship or domicile; these records could include property records. *Brooks v. Sears, Roebuck and Co.*, No. 6:18-cv-5534-Orl-37DCA, 2018 WL 3445421, at *2 (M.D. Fla. Jul. 24, 2018); *Akkan v. Nationstar Mortg. LLC*, No. 1:16-cv-1999-WSD-LTW, 2016 WL 11260335, at *1 (N.D. Ga. Nov. 16, 2016); *Taylor v. Am. Heritage Church Finance, Inc.*, No. 6:10-cv-559-Orl-31GLK, 2010 WL 2889694, *1-2 (M.D. Fla. Jul. 19, 2010) ("Factors frequently taken into account when assessing the domicile of a party include: the party's current residence; payment of taxes; voter registration and voting practices; driver's license and automobile registration; situs of personal and real property…."); *Jakobot v. Am. Airlines, Inc.*, No. 10-61576-CIV, 2011 WL 2457915, *4 (S.D. Fla. Jun. 20, 2011); *Matos-Cruz v. JetBlue Airways Corp.*, No. 6:17-cv-380-Orl-37TBS, *1 (M.D. Fla. Aug. 1, 2017).

which is located within this District. Copies of the relevant property records (as of June 29, 2023) are attached as **COMPOSITE EXHIBIT E**.[3] Significantly, Plaintiffs claim a homestead exemption on their property for ad valorem tax purposes. *See id.*

Plaintiffs' homestead exemption reflects his intent to make Florida, and specifically their Hillsborough County residence, their true, fixed, and permanent domicile. *See* Fla. Stat. § 196.031 (authorizing homestead exemption for "a person who . . . has the legal title or beneficial title in equity to real property in this state and *who in good faith makes the property his or her permanent residence . . .*") (emphasis added); *see also McCormick*, 293 F.3d at 1257-58; *Furnari v. Nuance Commc's., Inc.*, No. 6:11-cv-1119-Orl-35-GJK, 2011 WL 13298737 (M.D. Fla. Sept. 20, 2011) (denying motion to remand upon finding that defendant "put forth competent evidence that Plaintiff receives a homestead exemption" in Florida); *Granite Equip. Leasing Corp. v. Smith's Pride Foods, Inc.*, 431 F. Supp. 490, 493 (N.D. Ala. 1977) ("No one can have more than a single homestead exemption, then, because no one can have more than a single domicile at the time any given debt arises."). Accordingly, American Security submits that the record contains competent evidence that Florida is Plaintiffs' domicile and state of citizenship for purposes of determining diversity jurisdiction.

---

[3] Records of a county property appraiser's website are properly subject to judicial notice. *See Kahama VII, LLC v. Space Coast Builders & Contractors, Inc.*, No. 6:12-CV-454-ORL-19DAB, 2013 WL 12161440, at *16 (M.D. Fla. Jan. 28, 2013) (collecting cases).

8

American Security is a Delaware corporation with its principal place of business located at 260 Interstate North Cir. SE, Atlanta, Georgia, 30339. *See* printout from Florida Department of State, Division of Corporations' website, a true and correct copy of which is attached hereto as **EXHIBIT F**; *see also Licari v. American Sec. Ins. Co.,* Case No. 8:12-cv-2853-T-33EAJ, 2013 WL 268688 (M.D. Fla. Jan. 24, 2013) (finding American Security's principal place of business as Georgia).As American Security is not a citizen of Florida, American Security thus submits that diversity of citizenship exists between itself, the only served defendant, and Plaintiff.

It is *citizenship*, not business registration or licensing, that bears on the existence of diversity jurisdiction. *Hunt v. Nationstar Mortg., LLC*, 684 F. App'x 938, 941-42 (11th Cir. 2017) (quoting *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004)) ("For purposes of diversity jurisdiction, a limited liability company is 'a citizen of any state of which a member of the company is a citizen.'").

Based on the foregoing, American Security has carried its burden to show that the amount in controversy exceeds $75,000 and there is complete diversity between Plaintiff and American Security, such that the requirements of diversity jurisdiction are met for this action.

## VI. CONCLUSION

WHEREFORE, Defendant, American Security Insurance Company removes the State Court Action from the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, and asks this court take jurisdiction and conduct all further proceedings in this case.

Dated: June 30, 2023.

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
By: */s/ Michael P. Kaney*
Michael Kaney
Florida Bar No.1011010
*mkaney@bakerdonelson.com*
200 South Orange Avenue, Suite 2900
Post Office Box 1549
Orlando, Florida 32802
Telephone: (407) 422-6600
Facsimile: (407) 841-0325

*Counsel for Defendant American Security Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2023, the foregoing was electronically filed with the Clerk of the Court through the CM/ECF system, which will send a notice of electronic filing to counsel for all parties of record. In addition, I served a copy of the foregoing on the counsel below via first-class U.S. Mail:

Karla Sone, Esq.
PROPERTY LITIGATION GROUP, PLLC
2750 SW 145th AVE
Suite 509
Miramar, FL 33027
service@plglawyersfl.com
ksone@plglawyersfl.com
abemal@plglawyersfl.com

*/s/ Michael P. Kaney*